IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTRELLE BOWIE,                    *

     Petitioner,                   *

v.                                  *       Civil Action No. GLR-16-666

THE ATTORNEY GENERAL OF THE         *
STATE OF MARYLAND, et al.,
                                    *
     Respondents.

                                  ***

## MEMORANDUM OPINION

THIS MATTER is before the Court for consideration of Petitioner Montrelle Bowie's

Petition for Writ of Habeas Corpus. (ECF No. 1). The matter is ripe for review and no hearing

is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local

Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting

that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons

outlined below, the Court will deny the Petition and decline to issue a certificate of

appealability.

## I.       BACKGROUND

### A.   Facts Established During the Guilty Plea

On October 14, 2012, Montrelle Bowie approached a woman in the parking lot at 501

North East Street in Frederick, Maryland. (Apr. 30, 2013 Hr'g Tr. at 33:11–18, ECF No. 10-

2). Bowie grabbed the victim, pushed her to the ground, and told her that he was going to

rape her. (Id. at 34:25–35:3). He threatened to kill her if she screamed. (Id. at 35:4–4). The

victim tried to crawl away, but Bowie punched her in the face several times and she stopped

resisting. (Id. at 35:8–10). Bowie raped the victim and then asked her whether she had any money. (Id. at 35:11–17). The victim told Bowie that she had money in her car nearby. (Id. at 35:18–19). Bowie followed her, instructed her to get into the passenger's seat, and got into the driver's seat himself. (Id. at 35:22–25). Bowie then began to drive himself and the victim to meet with his friends while holding the victim by her wrist. (Id. at 36:1–3, 14).

The victim tried to jump from the moving car, but Bowie held her by the arm and dragged her some distance. (Id. at 36:15–17). He eventually let her go and she ran for help. (Id. at 36:17–19). Following a police investigation, the victim identified Bowie as her assailant. (Id. at 38:21–24). DNA evidence taken during the victim's rape kit and of her vehicle connected Bowie to the crime. (Id. at 39:6–16). Further, when police apprehended Bowie, he had the victim's cell phone in his possession. (Id. at 39:1–5).

On April 30, 2013, Bowie pleaded guilty to one count of first-degree rape and one count of kidnapping in the Circuit Court for Frederick County, Maryland (the "trial court"). (Id. at 40:5–12). On June 11, 2013, the trial court sentenced him to sixty years' incarceration with all but forty-three years suspended for first-degree rape. (June 11, 2013 Hr'g Tr. at 23:14–15, ECF No. 10-3). The trial court also sentenced Bowie to thirty years' incarceration for kidnapping, to run concurrent to his sentence for first-degree rape. (Id. at 25:13–15). Bowie did not file an application for leave to appeal the entry of his plea and sentence, and thus his sentence became final on July 11, 2013. (Pet. Writ Habeas Corpus ["Habeas Pet."] at 4, ECF No. 1).[1]

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

**B.**     **Post-Conviction Proceedings in State Court**

On July 17, 2013, Bowie filed a motion for reconsideration of his sentence, which the trial court held <u>sub curia</u>. (Docket Sheets at 8, ECF No. 10-1). To date, there has not been a ruling on the motion.

On January 30, 2015, Bowie sought post-conviction relief alleging that his trial counsel was constitutionally ineffective, his guilty plea was not knowing and voluntary, and his right to a speedy trial was violated. (<u>Id.</u> at 9; Post-Conviction Pet. at 3, 6, 15–17, ECF No. 10-4). After a hearing on October 20, 2015, the trial court denied relief. (Nov. 24, 2015 Op. at 2, 11, ECF No. 10-5). Bowie did not file an application for leave to appeal the court's denial of his post-conviction petition. (Habeas Pet. at 4). Accordingly, that judgment became final on January 4, 2016. <u>See</u> Md. Rule 8-204.

**C.**     **Federal Habeas Petition**[2]

On March 4, 2016, Bowie filed a timely Petition for Writ of Habeas Corpus in this Court. (ECF No. 1). In the Petition, Bowie argues that trial counsel (1) failed to file a written plea of not criminally responsible by reason of insanity; (2) failed to conduct sufficient discovery; (3) failed to file a motion to suppress to prove he was not criminally responsible; and (4) failed to advise and/or pursue additional defenses. (Habeas Pet. at 5–6). Additionally, Bowie argues that his plea was not made knowingly, voluntarily, and

---

[2] This case was stayed pending the resolution of <u>Mitchell v. Green</u>, 922 F.3d 187 (4th Cir. 2019), which held that a § 2254 petitioner is entitled to statutory tolling of the limitations period while a motion for modification is pending in Maryland state court. <u>Id.</u> at 195. In light of the holding in <u>Mitchell</u>, Bowie's federal Petition is timely and the stay is now lifted.

intelligently due to the general ineffectiveness of his counsel, and that his right to a speedy trial was violated. (Habeas Pet. at 6, 9). On July 8, 2016, Respondents filed an Answer, arguing, among other things, that his Petition should be dismissed for non-exhaustion. (Answer Pet. Writ Habeas Corpus ["Answer"] at 13, ECF No. 10).[3]

## II.      DISCUSSION

### A.      Procedural Default

Before seeking review under 28 U.S.C. § 2254, a person in custody must exhaust remedies available in state court by presenting each claim to the appropriate state court. A claim is procedurally defaulted when a petitioner has failed to present the claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal. See Coleman v. Thompson, 501 U.S. 722, 749–50 (1991) (failure to note timely appeal); Murray v. Carrier, 477 U.S. 478, 489–91 (1986) (failure to raise claim on direct appeal); Murch v. Mottram, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction proceedings); Bradley v. Davis, 551 F.Supp. 479, 481 (D.Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).

A procedural default may also occur where a state court declines "to consider the[] merits [of a claim] on the basis of an adequate and independent state procedural

---

[3] In their Answer, Respondents primarily argue that Bowie's Petition is time-barred. (Answer at 13). At the time they filed their Answer, Respondents did not have the benefit of the Fourth Circuit's decision in Mitchell, which clarified that Bowie's Petition is entitled to statutory tolling and therefore timely. See supra n.2. Accordingly, the Court will not deny Bowie's Petition on the basis of timeliness.

rule." <u>Yeatts v. Angelone</u>, 166 F.3d 255, 260 (4th Cir. 1999). As the United States Court of Appeals for the Fourth Circuit has explained, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998). Under Maryland law, "an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation . . . in a prior [post-conviction] petition." Md. Code Ann., Crim. Proc. ("CP") § 7-106(b)(1)(i). A rebuttable presumption exists that this waiver was knowing and intelligent. CP § 7-106(b)(2).

Procedurally defaulted claims are not subject to substantive federal habeas corpus review unless certain exceptions apply to excuse the procedural default. Procedural default may be excused if a petitioner can demonstrate (1) both "cause" for the procedural default <u>and</u> that he will suffer "prejudice" if the claims are not considered on their merits; or (2) that failure to consider the defaulted claim(s) would result in a miscarriage of justice, i.e., the conviction of someone who is actually innocent of the offenses. <u>See</u> <u>Murray</u>, 477 U.S. at 495–96; <u>Breard</u>, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." <u>Breard</u>, 134 F.3d at 620 (quoting <u>Murray</u>, 477 U.S. at 488). "Prejudice" exists if a petitioner can show not merely that the alleged errors "created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage,

infecting [the] entire [proceeding] with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).

Alternatively, the Court may reach a defaulted claim if the petitioner shows that failure to review the claim would result in a miscarriage of justice, that is, conviction of an individual who is actually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 495–96; <u>Breard</u>, 134 F.3d at 620. "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Murray</u>, 477 U.S. at 496; <u>see also</u> <u>Reid v. True</u>, 349 F.3d 788, 806 (4th Cir. 2003). Assertions of actual innocence used as a gateway to review an otherwise defaulted claim must be supported by new evidence that demonstrates no reasonable juror could have convicted the petitioner. <u>See</u> <u>Buckner v. Polk</u>, 453 F.3d 195, 199–200 (4th Cir. 2006). Bowie has not raised actual innocence as a defense to procedural default.

**B.    <u>Analysis</u>**

Bowie raises the following claims in the Petition: (A) that trial counsel failed to (1) file a plea of not criminally responsible; (2) conduct sufficient discovery and investigation; (3) file a motion to suppress; and (4) advise or pursue other defenses; (B) his plea was not knowingly and voluntarily entered; and (C) his right to a speedy trial was violated. (Habeas Pet. at 5–6).

The record reflects that Bowie failed to raise any of the foregoing claims in an application for leave to appeal either his conviction and sentence or the denial of post-conviction relief. As such, he has failed to exhaust his administrative remedies as to these

claims. Further, as Maryland law permits only one state petition for post-conviction relief, Bowie may no longer pursue any of these grounds in state court. See CP § 7-103(a). Despite being provided an opportunity to do so, (see Oct. 16, 2020 Order at 2–3, ECF No. 19), Bowie has offered no argument as to why the procedural default should be excused. Accordingly, each of the grounds asserted here is unexhausted and procedurally defaulted. See Breard, 134 F.3d at 619; see also Pevia v. Bishop, No. ELH-16-1223, 2019 WL 3412649, at *13 (D.Md. July 26, 2019) ("The unexhausted claims are procedurally defaulted, as [Petitioner] failed to present them in his application for leave to appeal and the state courts would now find that he cannot assert those claims.").

**C.    Certificate of Appealability**

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Buck v. Davis, 137 S.Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2)). Bowie "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," see Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Bowie may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   **CONCLUSION**

For the foregoing reasons, Bowie's Petition for Writ of Habeas Corpus will be dismissed and a certificate of appealability will not be issued. A separate Order follows. Entered this 16th day of June, 2022.


_____/s/_____
George L. Russell, III
United States District Judge